■ In the Matter of K & Y Corp., Petitioner, v Thomas A. Duffy, Jr., as Chairman of the New York State Liquor Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority dated October 10, 1990, which reversed a finding by an Administrative Law Judge, made after a hearing, that the petitioner had not permitted illegal guns to be distributed from the premises, suspended the petitioner's liquor license for 15 days, and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the charges are dismissed.

In determining whether there is substantial evidence to support an administrative agency's determination, the reviewing court must review the whole record to determine whether the agency's action was rational *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). An agency's determination of a question of fact, if supported by substantial evidence on the record as a whole, is beyond further judicial review, even though there is evidence in the record to support a contrary conclusion *(see, Matter of Rivera,* 69 NY2d 679). However, "[a] court reviewing the substantiality of the evidence upon which an administrative agency has acted exercises a genuine judicial function and does not confirm a determination simply because it was made by such an agency" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181).

The determination was not reasonable and was not supported by substantial evidence. Not only was the evidence insufficient to establish that the individual named Kang Lee was the manager of the club; there was also no evidence to show that illegal handguns were on the premises other than on the one occasion when the police visited the club. Accordingly, the determination is annulled. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.